## SOUTHERN CASUALTY CO. v. DUGGER et. al.    (No. 11952.)

Court of Civil Appeals of Texas. Fort Worth.
April 7, 1928.

Rehearing Denied May 19, 1928.

**1. Master and servant** ⟨⟩417(5)—**Evidence relative to whether deceased employee was injured in course of employment with subscriber with Employers' Insurance Association required submission to jury (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, art. 8307, § 5]).**

In suit under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8307, § 5) to set aside award of the Industrial Accident Board, evidence relative to whether deceased employee was injured in the course of his employment under a contract with a subscriber with the Employers' Insurance Association held sufficient for submission to jury.

**2. Master and servant** ⟨⟩417(5)—**Allegations of answer in suit to set aside award held sufficient to present issue of right to recovery in lump sum (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, art. 8306, § 15]).**

Allegations of answer in suit by insurer to set aside award of the Industrial Accident Board held sufficient when considered on appeal for the first time to present issue of right of recovery in lump sum, in view of Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306, § 15) relating thereto.

**3. Master and servant** ⟨⟩386(4)—**Apportionment of award in lump sum between attorney and beneficiary held not error (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, art. 8306, § 7d]).**

Under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306, § 7d), authorizing attorney representing beneficiary to contract for fee not to exceed one-third of amount recovered, apportionment of compensation in lump sum between attorney and beneficiary held not erroneous.

Appeal from District Court, Clay County; Vincent Stine, Judge.

Suit by Southern Casualty Company against W. A. Dugger and another to set aside an award of the Industrial Accident Board. Judgment for defendants, and plaintiff appeals. Affirmed.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellant.

J. R. Wilson and J. A. Lantz, both of Wichita Falls, for appellees.

CONNER, C. J. This appeal comes from the district court of Clay county. Under the provisions of our Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, arts. 8306–8309) the Industrial Accident Board is given authority to award compensation for injuries to the employees of a given class of "subscribers" within the Employers' Insurance Association, which is also provided for by the act. Section 5 of article 8307 of the act provides that in event the association is dissatisfied with an award made by the Industrial Accident Board, it may, within 20 days thereafter, by giving notice, bring suit in the county where the injury occurred to set aside the final ruling and decision of the board, and this suit was instituted by the appellant association to set aside an award of the Industrial Accident Board in favor of W. A. Dugger as the father and sole heir of John M. Dugger, deceased. In such cases, the section referred to provides that the trial in the district court shall be de novo and the burden of proof shall be upon the party claiming compensation.

W. A. Dugger appeared, together with his attorney, J. R. Wilson, and alleged in substance, and so far as it is here necessary to state, that on a date specified his son, John M. Dugger, was employed by O. H. Foster, a qualified subscriber of the appellant association within the meaning of the Workmen's Compensation Law, and that while so employed and engaged in the performance of the duties of his employment he was injured by being struck on the head by a swivel which crushed his head and caused him to fall, from the top of the derrick upon which he was working, to the floor or platform below, and thus was so injured as to cause his death within a short time thereafter.

J. R. Wilson answered, alleging that he had been employed as the attorney of W. A. Dugger under a contract to receive one-third of the compensation which should be awarded, and both defendants pleaded for a recovery in lump sums.

The insurance association answered by supplemental petition with a general denial and specially to the effect that the deceased at the time of his injury was an employee of one S. R. Varner, who was an independent contractor under a written contract to drill the well for O. H. Foster, and that Varner was not a subscriber to the association.

At the conclusion of the evidence the court

submitted to a jury two special issues, in answer to which the jury found, in effect, that the well being drilled and at which the deceased had been working at the time of his injury was not being drilled under a written contract between Varner and Foster, but under a later verbal contract with O. H. Foster, and further found that "manifest hardship and injury" would result to W. A. Dugger "if compensation was not paid in a lump sum." As recited in the judgment, the court also found from the evidence that the defendants were entitled to recover against the plaintiff association the maximum compensation allowed by law of $20 a week for a period of 360 weeks from and after September 12, 1926, together with interest at the rate of 6 per cent. per annum on 37 weekly payments, being all unpaid weekly payments of $20 each, becoming due since September 12, 1926, to the date of the judgment. The total sum thus found aggregated $6,157.05, of which the court found that W. A. Dugger was entitled to recover three-fourths and J. R. Wilson one-fourth, both amounts to be paid in lump sums. The judgment was rendered in accordance with the findings of the court and jury, and from the judgment so rendered, the plaintiff association has duly appealed.

But two material questions for determination are presented by propositions upon which appellant bases its contention for a reversal, or a reversal and rendition of the judgment. We shall state and refer only to such parts of the pleadings, evidence, and findings as we deem necessary to an understanding of our conclusions. Appellant urges under its second, fifth, sixth, and seventh propositions that the court erred in refusing to give peremptory instructions to the jury to find in its favor, for the reason that the burden of proof was on the defendants to establish the material allegations of their answers, and that there was an entire absence of testimony supporting the averments of the defendants' answers, to the effect that at the time of his death John M. Dugger was injured in the course of his employment, under a contract of employment with a subscriber, within the meaning of the Workmen's Compensation Law, and that the alleged injury occurred at the time and in the manner and under the circumstances alleged.

[1] As already stated, under the terms of section 5 of article 8307 of the act under consideration, appellant, being dissatisfied with the award of the Industrial Accident Board, had the right to institute suit as it did to set the award aside. By admissions made in behalf of appellees, defendants below, all the steps necessary on the part of appellant to invoke the jurisdiction of the district court were established. In the cases of the character now under consideration, as already stated, the burden of proof is upon the claimant to establish by the proper quantum of

legal evidence the facts as alleged necessary to his recovery as sought. In the present case, as urged in behalf of appellant, no witness who testified attempted to state that at the time of such injury John M. Dugger was actually engaged in the performance of any duty within the scope of his employment. Furthermore, but a single witness attempted to give the time or the circumstances attending the claimed injury, and his testimony was only to the effect that he was near by and saw John M. Dugger fall to the floor of the oil derrick, some 22 or 25 feet high. He declined to state the time of day this occurred or what he was doing on the derrick. Had there been nothing further having force and effect of evidence, the trial court's duty to have given the peremptory instruction would be clear, we think, under the following authorities: Langford v. El Paso Banking Com. (Tex. Civ. App.) 1 S.W.(2d) 476; Shannon v. Western Indemnity Co. (Tex. Com. App.) 257 S. W. 522; Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; U. S. Casualty Co. v. Hardie (Tex. Com. App.) 299 S. W. 871.

It appears, however, from the statement of facts, that appellant in due form and effect had issued a policy of indemnity, covering the period in controversy, to the appellee O. H. Foster, and he, after stating that he was engaged in the oil business and in having an oil well drilled at the place alleged in defendants' pleadings, further testified:

"I knew John M. Dugger. I think the first time I met John was in the latter part of August, 1926. * * * He said he had a brother-in-law that was in the refining business at Electra and that he wanted to learn to drill, and he got in the car with me and went down to the well, and I outlined to him about what we could pay if Mr. Varner could use him. I told him I had Mr. Varner in charge as my straw boss and he would have to close the deal with Mr. Varner, but I would recommend him if we had a place on the job. We talked over the terms. * * * He talked to Mr. Varner, and then I talked to him again, and so we just left the matter unsettled that day, and I went on back to Wichita Falls, and then he worked about three days and decided he didn't like the terms and conditions, and so he quit and so we reached an agreement of settlement. * * * After that he went back to work for me. I was to pay him that $2.50 per day and furnish him board. I was also to give him acreage. It was about the 7th day of September, 1925, when John started to work again under this last contract. He worked from then until the 12th, when he was killed. * * * I have had some dealings with the plaintiff, the Southern Casualty Company.

"Mr. Powers (Appellant's Attorney): The plaintiff admits in open court that if John M. Dugger was working for O. H. Foster and O. H. Foster's employee, rather than for Varner, under this contract, and then they, the Southern Casualty Company, owe him compensation."

The evidence suggests that the written contract between Foster and Varner, referred to above, was the principal basis for the contention in behalf of appellant that Varner, was an independent contractor for the drilling of a well and that for him the deceased was working at the time of his injury instead of for Foster, but Foster's further testimony was to the effect that the written agreement after its execution had been abandoned and in effect substituted by a verbal agreement under the terms of which Varner was but a straw boss and the deceased an employee of Foster. Mr. Powers, as above indicated, was plaintiff's attorney in conducting the case, and the admission made by him in open court, coupled with Foster's testimony, seems abundantly sufficient to justify the trial court's action in refusing to give appellant's peremptory instruction. It seems evident from the pleadings and evidence that the only material fact relating to the issue of appellant's liability was whether the deceased was an employee of Foster at the time of his injury instead of an employee of Varner, and this question was submitted to the jury for determination in a form not objected to. The jury answered the issue in favor of defendants, and the sufficiency of the evidence to sustain the findings is not questioned, so that we consider that issue settled.

[2] The only remaining question for determination is presented by contentions in behalf of appellant, to the effect that the court erred in submitting special issue No. 2, for the reason that defendants had "failed to allege that manifest hardship and injury would result to the defendants and each of them unless a lump sum award was made." In this respect the allegations were to the effect that W. A. Dugger was 57 years of age; that he had the capacity and ability to conserve and use beneficially the whole sum for which the plaintiff is liable; that he was indebted to named persons in specified sums bearing interest at the rate of 10 per cent. per annum, aggregating $1,285. It is not urged that the sufficiency of these allegations is questioned by any assignments of error, and we think, when considered here for the first time, that they are sufficient to present the issues of defendants' right of recovery in lump sums. The sufficiency of the evidence to sustain the finding of the jury on special issue No. 2 is not questioned by any assignment or proposition, and we are of opinion that the trial court did not err in awarding the entire sum found as the extent of appellant's liability and in apportioning it as he did between W. A. Dugger and his attorney, J. R. Wilson. It is required by the terms of the Workmen's Compensation Law not only that the trial be de novo, but also the right of the parties are to be determined by its prescribed provisions. As recited in the judgment, the court found that

the defendants were entitled to recover "the maximum compensation as allowed by law of $20 per week for a period of 360 weeks from and after September 12, 1926, together with interest at the rate of 6 per cent. per annum" on the unpaid matured payments to the date of the judgment. The aggregate amount thus computed by the trial court was $6,157.05, of which, in lump sums, $4,620.29 was awarded to defendant W. A. Dugger and $1,586.76 to his attorney J. R. Wilson. No inaccuracy in computation or in the stated aggregate amount of compensation awarded is asserted. Nor is it contended that the evidence is insufficient to support both the allegations and the verdict of the jury on the issue of "manifest hardship and injury." So that we only have to determine whether appellees' allegations are sufficient to support the judgment in lump sums. We think they are. In the first place, they were not excepted to, or, if so, no ruling thereon has been called to our attention by any assignment of error. Moreover, as may be seen by reference to the statutes and decisions relating to subject, nothing further seems to be required.

Section 15a of article 8306 of the act, relating to the subject, provides that:

"In any case where compensation is payable weekly at a definite sum and for a definite period, and it appears to the board that the amount of compensation being paid is inadequate to meet the necessities of the employé or beneficiary, the board shall have the power to increase the amount of compensation by correspondingly decreasing the number of weeks for which the same is to be paid allowing discount for present payment at legal rate of interest; provided that in no case shall the amount to which it is increased exceed the amount of the average weekly wages upon which the compensation is based; provided it is not intended hereby to prevent lump sum settlement when approved by the board."

In the case of Georgia Casualty Co. v. Little, 281 S. W. 1092, the Austin Court of Civil Appeals held, quoting from the headnotes, that:

"In compensation cases, whether lump sum payment for death of employee is authorized is largely within trial court's discretion, and in absence of abuse thereof judgment will be sustained."

And again:

"Insurer cannot complain of lump sum settlement for employee's death, where proper discount reducing future payments to present value is made."

In Texas Employer's Ins. Ass'n v. Wright, 297 S. W. 764, the Amarillo Court of Civil Appeals held, again quoting from the headnotes, that:

"In a suit to set aside award of compensation, fact that the court awarded a lump sum settlement rather than weekly payments held not to entitle the insurer to a remedy, where it sustained no injury by reason of award of lump sum settlement."

In the case of Consolidated Underwriters v. Saxon, 265 S. W. 143, it was held by section B of our Commission of Appeals that a "special case," under the statute warranting lump sum payments of compensation, "is not necessarily determinable by relative poverty of claimant, but thrift, intelligence, foresight, habit of frugality, capacity to manage and keep money, might well make out special case."

[3] It is not contended that appellant has suffered any injury by reason of the fact that the compensation to which it was found that W. A. Dugger was entitled was awarded in lump sum instead of in weekly payments, and inasmuch as by section 7d of article 8306 of the act it is made expressly lawful for an attorney representing a beneficiary to contract with such beneficiary for a fee not to exceed one-third of the amount recovered for his services, we see no reason for complaint in the award to the appellee J. R. Wilson. It is evident from the court's findings that the contract of Wilson with the beneficiary, W. A. Dugger, was approved, and we can see no cause for complaint because the court apportioned the compensation due as a result of the injury and death of the employee, John M. Dugger.

We finally conclude that all propositions upon which the appeal is based should be overruled and the judgment affirmed.