## TEXAS EMPLOYERS' INS. ASS'N v. HERZING. (No. 8016.)

Court of Civil Appeals of Texas. San Antonio.
July 25, 1928.

Rehearings Denied Oct. 3, 1928.

Eskridge & Williams, of San Antonio, for appellant.

Jones & Lyles, of Del Rio, for appellee.

SMITH, J. Appellee, Alice Herzing, was employed by a telephone company as a switchboard operator at Del Rio, and according to her allegations was injured in the course of that employment, entitling her to compensation from appellant insurance association under the provisions of the Texas Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, arts. 8306–8309). The Industrial Accident Board found her to be totally incapacitated, and awarded compensation to her in the form of a "running award" at the rate of $8.65 per week to be paid so long as her incapacity remained total. Upon her appeal the district court rendered judgment awarding her compensation in the form of a lump sum of $2,797.05, upon findings that appellee's injuries were total and permanent, and that payment of compensation in weekly installments would work a manifest hardship and injustice upon her. The insurance association, against whom the judgment was rendered, has appealed.

The appeal is simplified by the following agreement between the parties:

"It is agreed in open court by and between the plaintiff and defendant that all jurisdictional facts have been proven, and all allegations in plaintiff's petition are proven except the alleged injury to the plaintiff in the course of her employment, and if so, the nature and extent of her disability resulting therefrom, and the question as to whether or not plaintiff is entitled to have the defendant redeem its liability in a lump sum."

The points urged by appellant are that appellee failed to establish by sufficient evidence that her liability was total and permanent within the meaning of the Workmen's Compensation Law, or that her situation was such as to entitle her to have her compensation paid in a lump sum, and that the lump sum awarded was improperly computed and is excessive.

Appellee was a switchboard operator for a telephone company, and testified that while doing her work one night she was stricken by a severe electric shock passing through a transmitter attached to her left ear; that the shock resulted in the total deafness of that ear, the paralysis of her left arm, the numbness, or partial but effective paralysis, of a portion of her back, and a partial paralysis of her bowels; that she is unable to do any work, or to bathe or dress herself, is unable to sit in any one position any length of time, is forced to go to bed after any exercise, is very nervous and weak, and practically helpless, as a result of the accident. Her testimony in these matters was corroborated in substance by appellee's mother and

458

by her sister, a trained nurse, both of whom resided with her. She was also generally corroborated by her physician, although the latter's testimony was based largely upon subjective symptoms. After much consideration, and some hesitation, we have reached the conclusion that the combined testimony of these witnesses, when considered with all the other facts and circumstances of the case, warranted the findings, implied from the judgment, that appellee was totally incapacitated and that such incapacity is permanent, within the contemplation of the Compensation Act. Such findings are therefore binding upon this court, and we have no authority to disturb them. We quote from Standard Accident Ins. Co. v. Williams (Tex. Civ. App.) 4 S.W. (2d) 1023:

"It is held in Employers' Liability Assurance Corporation, Ltd., v. Williams (Tex. Civ. App.) 293 S. W. 210, that the term 'total incapacity to work,' as used in the Workmen's Compensation Act, does not imply an absolute disability to perform any kind of labor, but that a person disqualified from performing the usual tasks of a workman, in such a way as to enable him to procure and retain employment, is ordinarily regarded as totally incapacitated. There is evidence tending to support the jury's finding, when the issue of total incapacity is viewed in the light of this holding, and the rule is that, when the jury's findings are supported by pleadings and evidence, this court should affirm the judgment without regard to what our views upon the issue may be. * * * Although this court may believe that the loss of one arm does not constitute total incapacity, the jury, upon some evidence, has found that it did, and we therefore are not authorized to hold otherwise."

▓ In its third proposition appellant complains of the discount the trial court allowed in computing the lump sum recovery on the ground of its inadequacy. It appears that the court found that the lump sum award should equal the total amount of appellant's liability upon a running award, less a discount of 1.75 per cent. In making the computation, however, the discount actually applied was 2.0496 per cent. Appellant contends the discount should have been upon a basis of at least 6 per cent. The rule seems to be that the rate of discount applicable is a question of fact to be determined in each case by the court or jury trying the facts. Consolidated Underwriters .v. Saxon (Tex. Civ. App.) 250 S. W. 447; Id. (Com. App.) 265 S. W. 142; Lumbermen's Reciprocal Ass'n v. Behnken (Tex. Civ. App.) 226 S. W. 154; Id., 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402. The question is also discussed, in one aspect or another, in Western Indemnity v. Milam (Tex. Civ. App.) 230 S. W. 824. It appears from these cases that a discount is imperative in cases of lump sum awards, and that the Industrial Accident Board has so construed the act, and that the board "uniformly allows a 5 per cent. discount." This

rate of discount is probably arbitrarily fixed by the board, as we have discovered no provision therefor in the statute.

▓ There is no direct provision in the statute that a discount shall be made in cases of lump sum adjustments of compensation. Article 8306, § 15. But in section 15a it is provided that where, as therein authorized, the amount of weekly compensation is increased by correspondingly decreasing the number of weeks for which the same is to be paid, discount shall be allowed "for present payment at legal rate of interest." In the cases cited above the courts held that the provision for a discount in the event stated would be construed as applying also to lump sum adjustments, and we think this is a reasonable construction. But since that construction is to prevail, the discount allowed must be in conformity to the rate fixed in the statute, to wit, the "legal rate of interest," which is 6 per cent. This conclusion requires a new computation, based upon that rate.

According to the only calculation available to us, the amount of the compensation allowable in the form of a lump sum, when discounted at the rate of 6 per cent., is $2,500.29. for which amount the judgment appealed from, when so reformed, will be affirmed, at the cost of appellee.