**TEXAS EMPLOYERS' INS. ASS'N v. BROCK.**

**No. 3822.**

Court of Civil Appeals of Texas. Texarkana.
March 17, 1930.

Rehearing Denied March 27, 1930.

Wm. M. Cramer, James P. Swift, and Harry P. Lawther, all of Dallas, for appellant.

Brazil & Musslewhite, of Lufkin, for appellee.

WILLSON, C. J. (after stating the case as above).

While the declared purpose of the Workmen's Compensation Law is that the compensation therein provided for shall be paid "from week to week" (article 8306, § 18), it authorizes the payment of such compensation in a lump sum "in special cases where in the judgment of the board (or court) manifest hardship and injustice would otherwise result." Article 8306, § 15. It is insisted it did not appear from the pleading and proof that this was such a special case, and that the trial court therefore erred when he rendered judgment determining to the contrary and providing for a lump sum payment by appellant to appellee.

The allegations in appellee's petition (supported by evidence, as appears in the statement above) were, substantially, that the injuries he suffered had totally and permanently incapacitated him for work; that he had no income and no means of support; that his father had a large family, and was not financially able to support him; that, if the compensation he was entitled to was paid to him in a lump sum, he could and would invest it so it would "bear such revenue as would maintain and support him;" and that, unless such compensation was so paid, "great and manifest hardship and injustice" would result to him.

■■ If it was true, as alleged, and, as determined by the jury, it is assumed, that appellee had no means of support and his father was unable to support him, and true that he could and would invest compensation he was entitled to, if paid to him in a lump sum, so the revenue therefrom would support and maintain him, we think the court and jury had a right to conclude that "manifest hardship and injustice" would result to appellee if the compensation was not paid to him in a lump sum. Travelers' Ins. Co. v. Smith (Tex. Civ. App.) 266 S. W. 574; U. S. Fid. & Guaranty Co..v. Vogel (Tex. Civ. App.) 284 S. W. 650; Texas Employers' Ins. Ass'n v. Boudreaux (Tex. Civ. App.) 238 S. W. 697; Southern Casualty Co. v. Dugger (Tex. Civ. App.) 8 S.W.(2d) 696; Consolidated Underwriters v. Saxon (Tex. Com. App.) 265 S. W. 143; Norwich Union Indemnity Co. v. Wilson (Tex. Civ. App.) 17 S.W.(2d) 68; Georgia Casualty Co. v. Little (Tex. Civ. App.) 281 S. W. 1095. In determining the question as to the sufficiency of the allegations, the court had a right, and it was his duty, to assume they were true, and, in determining the sufficiency of the evidence admitted at the trial to support the allegations, the jury had a right to believe the witnesses who gave it.

■ It is insisted, further, that the judgment, so far as it was for a lump sum, was unwarranted because there was neither pleading nor proof showing the proper rate of discount for determining "the present value" of a lump sum payment. Appellant cites Maryland Casualty Co. v. Marshall (Tex. Civ. App.) 14 S.W.(2d) 337; Petroleum Casualty Co. v. Bristow (Tex. Civ. App.) 21 S.W.(2d) 9, and Texas Employers' Ins. Ass'n v. Stephens (Tex. Civ. App.) 22 S.W.(2d) 144, as cases supporting its contention. And they do, substantially, as we understand them, and so does Maryland Casualty Co. v. Ham (Tex. Civ. App.) 22 S. W.(2d) 142, we think. But in U. S. Fid. & Guaranty Co. v. Nettles (Tex. Civ. App.) 21 S.W.(2d) 31 (and see Texas Employers' Ins. Ass'n v. Herzing (Tex. Civ. App.) 9 S.W.(2d) 457, and cases there cited), it was held that the discount should be at the legal rate of interest, to wit, 6 per cent. In that case the court carefully considered, and we think correctly decided, the question. It follows that we do not think the court in the instant case erred to appellant's prejudice when, notwithstanding the absence of such pleading and proof, he provided in the judgment he rendered that the sum appellant should pay was the amount of the compensation awarded to appellee "less a discount at the rate of six per cent. per annum compound interest on the unmatured weekly payments at the time of the payment of this judgment."

■■ In his charge the trial court told the jury that as used in the Workmen's Compen-

sation Law the term "total incapacity" did not "imply an absolute disability to perform any kind of labor," but meant "disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment." Appellant objected to the definition on the ground that it was incorrect, and complains here because the court overruled its objection. But it has been repeatedly held by courts in this state that, as used in said law the words meant what the court told the jury they meant. Employers' Liability Assur. Corp. v. Williams (Tex. Civ. App.) 293 S. W. 210; New Amsterdam Casualty Co. v. Harrington (Tex. Civ. App.) 11 S.W.(2d) 533; Texas Employers' Ins. Ass'n v. Wonderly (Tex. Civ. App.) 16 S.W. (2d) 386. Therefore, and because we think the holding sound, appellant's contention that the definition was incorrect is overruled, as is also its contention that the court erred in that he did not instruct the jury as to what the words "manifest hardship and injustice" meant. They are common words it should be assumed the jury knew the meaning of as well as the court knew it.

Other contentions made in appellant's brief and believed also, and more plainly, not to present reasons why the judgment should be set aside, or overruled.

The judgment is affirmed.