## TEXAS EMPLOYERS' INS. ASS'N v. HENSON. *
### No. 722.

Court of Civil Appeals of Texas. Eastland.
Sept. 12, 1930.

Rehearing Denied Oct. 10, 1930.

670

James P. Swift, Harry P. Lawther, and Wm. M. Cramer, all of Dallas, for appellant.

Grisham Bros., of Eastland, for appellee.

FUNDERBURK, J.

E. P. Henson, while in the employ of Root & Rhodes, received an injury resulting in hernia, for which, after proper notice and claim, he was awarded compensation by the Industrial Accident Board for twenty-six weeks at $13.71 per week, together with the sum of $203.50 to cover doctor's and hospital bills. The award of the Industrial Accident Board recited as a fact that, following the injury, Henson had submitted himself to an operation "which has effected a cure." The Texas Employers' Insurance Association, the insurance carrier, and also the said E. P. Henson, each gave notice of their intention not to abide the award and this suit was duly filed in the district court. Based upon findings of the jury in response to special issues submitted, the trial court gave Henson judgment for the sum of $4,824.31, comprising items as follows: "$520.90, being 38 weeks past, plus $11.22 interest thereon, and 363 weeks at $13.71, less 6% compound interest, totalling a present value of $4,086.61, plus $205.50 doctor's and hospital bills."

The jury, in addition to finding the existence of a hernia and all the statutory facts to show that it was compensable, found that the operation which was performed April 15, 1929, was not successful and that the injury had resulted in total and permanent incapacity. The Texas Employers' Insurance Association has perfected appeal to this court.

Appellant's first contention seems to be that the district court had no jurisdiction to determine the existence of a general disability and adjudge compensation therefor, because the only matter before the Industrial Accident Board was a claim for a hernia and twenty-six weeks had not elapsed from the date of the operation for the hernia before the filing of appellee's cross-action. Stated otherwise, appellant's contention seems to be that the only jurisdiction the district court acquired was the claim before the Industrial Accident Board, which was a claim for hernia, and sufficient time had not elapsed for a review of any award for hernia.

Appellant cites only the provisions of Revised Statutes 1925, art. 8306, § 12b. There is therefore involved only a question of the proper construction of that statute, with particular reference to appellant's contentions. It is asserted that hernia is a specific injury under the Workmen's Compensation Act; that the benefits for hernia under the Workmen's Compensation Act are twenty-six weeks' compensation; that a review of an award or judgment for injury resulting in hernia must be after twenty-six weeks have elapsed so as to give twenty-six weeks' (six months') time in which to determine whether the operation was or was not successful; and that the district court, on appeal from the board, is a court of limited jurisdiction and takes only the jurisdiction the board had.

■■ We think that hernia is not a specific injury in the same sense as the injuries provided for in section 12 of said article and that section 12b completely defines the conditions under which compensation may be made, as well as the several different limitations upon the amount that may be allowed as compensation. In a case of this kind the statute does not require an employee to give notice of or make claim for compensation for anything other than a hernia. The statute itself prescribes the condition under which such a claim is one "for incapacity under the general provisions of this law," or is one for "incapacity under the general provisions of this law for a period not exceeding one year," or is one as to which compensation is limited to pay for twenty-six weeks from the date of a successful operation. In this case the Industrial Accident Board determined that the injured employee had undergone a successful operation and limited his recovery to compensation for twenty-six weeks. The employee had only the two alternatives of accepting the award, or appealing to the district court. He appealed to the district court. The district court thereby acquired jurisdiction to determine whether the operation was successful or unsuccessful, and if unsuccessful to award compensation for permanent disability. The statute prescribes no time within which the board or court shall determine whether or not the operation is successful or unsuccessful. The limitation of the benefits for hernia to twenty-six weeks' compensation is only in case the operation is successful and there is no such limitation where it is unsuccessful. The statute in our opinion gives no support to the view that there can be no review of an award or judgment until after twenty-six weeks have elapsed.

■ The further contention that the court was without jurisdiction to award a lump-sum amount of compensation is controlled by what has already been said. The court having exercised a proper jurisdiction to adjudge compensation for total and permanent disability, it had jurisdiction to further determine and adjudge that "manifest hardship and injustice" would result unless appellant should be required to redeem its obligation by the payment of a lump sum, as provided in section 15 of said article.

It is complained that Dr. T. E. Payne was permitted over the objection of appellant to testify as a matter of expert opinion that the hernia appeared suddenly. The propositions under this assignment assume that the injury occurred February 21, 1929, and that the hernia appeared March 2, 1929. This assumption, we think, is not warranted by the facts. It is true that part of the evidence of the existence of a hernia first became known to appellee on March 2d, but that was no more the appearance of the hernia than the pain and nausea suffered on February 21st previously. It seems to us that the word "appearance" is here used in the same sense as occurrence, or becoming manifest. We think the physician's testimony is properly susceptible of the construction that, in his opinion, the hernia appeared with the pain and nausea that immediately followed the attempt of Henson to kick off the switch. Such being the case, there could be no question but that it was suddenly. If the testimony of the physician was not proper, it was certainly entirely harmless.

There was likewise no error, we think, in the refusal of the court to submit a special issue requested by appellant, calling for a finding as to the intention of Henson about working on Sunday. His intention about the matter was wholly immaterial, the only question being whether or not the terms of the contract required or contemplated that he should unlawfully work on Sunday.

We next consider the contention that a peremptory instruction should have been given for appellant on the ground that the undisputed evidence showing that the contract of hire required and contemplated work on Sunday was, for that reason, illegal, and did not constitute appellee an employee under the Workmen's Compensation Law. Not all work or labor performed on Sunday is unlawful. "Works of necessity," for example, are excepted. P. C. art. 284. There is, therefore, no presumption that a contract is illegal simply because it provides for work on Sundays. On the contrary, the presumption of innocence of law violation obtains. For the contract in question to be shown to be illegal, as a question of law, it was not sufficient merely to show by the uncontroverted evidence that it required work on Sunday, but also a kind of work coming within none of the exceptions making same lawful. No such contention is presented. Maryland Casualty Co. v. Marshall (Tex. Civ. App.) 14 S.W.(2d) 337.

Another ground urged by appellant for reversal of the judgment is that the court erred in submitting special issue No. 7 over appellant's objection that same was multifarious and duplicitous, containing two issues in one. The issue in question was: "Did said injury of February 21st, 1929, if any, result in the permanent and total incapacity of the defendant, E. P. Henson?" We find it unnecessary to determine if the special issue was subject to the objection made. If so, the error was harmless because of special issue No. 6, reading: "Was E. P. Henson totally disabled for any length of time solely because of the injury of February 21st, 1929, if any there was?" The jury's affirmative answer to this issue rendered the multifariousness or duplicity, if any, of the other entirely harmless.

Objection was likewise made to said special issue No. 7, and the overruling of which is assigned as error here, on the ground that same was upon the weight of the evidence. It is urged that it was upon the weight of the evidence, in that it assumes a total incapacity on the part of E. P. Henson. We are unable to see that the question assumes total incapacity.

Appellant's objection to special issue No. 9, the overruling of which is assigned as error, is also overruled. In it the jury were asked to find whether the $203.50 was reasonable in amount and necessarily sustained by Henson. Appellant's right to recover the item was dependent upon the concurrence of two facts, namely, that same was reasonable and necessary. Both were properly grouped and submitted as a single issue. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517.

We are likewise of opinion that there was no error in the refusal of the court to define "manifest hardship and injustice" as those words were used in special issue No. 10. The words are used in their common and ordinary sense. In this view we are in accord with the Court of Civil Appeals of Texarkana in Texas Employers' Ins. Ass'n v. Brock, 26 S.W.(2d) 322.

Appellant's points 10, 11, and 12 raise no questions that we feel called upon to consider. They each complain that the court erred in holding that findings of the jury were not against the preponderance of the evidence. We know of no procedure where the court is called upon to determine that findings of the jury are not against the preponderance of the evidence, and there is no statement in the brief that shows any such ruling or action of the court. If findings of the jury were so against the great preponderance of the evidence as to be manifestly wrong, the proper way to present such a contention was to assign error to the refusal of the court to set aside the verdict or in rendering judgment thereon.

Another contention of appellant is that the trial court erred in entering judgment for a lump-sum settlement when there was neither pleading, evidence, nor a jury finding

on the present value of a lump-sum settlement. It must be admitted there is some authority for this contention. Herzing v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 17 S. W.(2d) 1046; Maryland Casualty Co. v. Marshall (Tex. Civ. App.) 14 S.W.(2d) 337; Western Indemnity Co. v. Milam (Tex. Civ. App.) 230 S. W. 825; Petroleum Casualty Co. v. Bristow (Tex. Civ. App.) 21 S.W.(2d) 9; Maryland Casualty Co. v. Ham (Tex. Civ. App.) 22 S.W.(2d) 142.

After careful consideration, however, we believe the conclusions reached by the Waco Court of Civil Appeals, in its opinion by Judge Stanford, in United States Fidelity & Guaranty Co. v. Nettles, 21 S.W.(2d) 31, is correct. This view has been adopted by the Texarkana Court of Civil Appeals in Texas Employers' Insurance Ass'n v. Brock, 26 S.W.(2d) 322, and Texas Employers' Insurance Ass'n v. Mitchell, 27 S.W.(2d) 600. See also Texas Indemnity Insurance Co. v. Holloway et al., 30 S.W.(2d) 921, by the Fort Worth Court of Civil Appeals.

In Federal Surety Co. v. Scott, 22 S.W.(2d) 157, 160, the Dallas Court of Civil Appeals, in opinion by Justice Looney, disposed of practically the same question thus:

"Appellant also contends that the verdict of the jury was insufficient to sustain a lump sum judgment, in that there was no finding as to the amount or rate of discount that should have been allowed. The allowance of a reasonable discount was a mere incident to the judgment, and, as appellant failed to request a finding on the subject, we must assume that the facts found by the court support the judgment. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S. W.(2d) 1084. The rate of discount, 6 per cent. allowed in this case, was, in our judgment, reasonable. In fact, appellant does not object to the discount allowed as being unreasonable; the objection being that the question was not submitted to or determined by the jury."

While we are not prepared to assent that the question is ruled by Ormsby v. Ratcliffe, supra, there is authority to the effect that an allowance of a reasonable discount is a matter of sound discretion of the trial court. It seems to us, however, that the only proper way to determine the present worth of an obligation to pay at a stated time in the future is to discount the amount at the legal rate of interest of 6 per cent. The only reason why a discount is required is that, by a lump-sum payment of the whole sum, the present payment of the whole sum amounts to a premature detention of the money. It is but fair and just that the amount paid be only such that, at the legal rate of interest, will amount to the several weekly payments on the date the payments otherwise would be due.

In the absence of agreement we fail to see how any other rate could properly be applied than the legal rate which the law prescribes shall apply in the absence of agreement.

■ The contention that the $203.50 allowed as doctor and hospital bills was not proper, because not shown to have been incurred within four months from the date of the injury, is likewise overruled. As said before, we think section 12b of article 8306 makes a complete provision with reference to hernia and contains no limitation upon the time within which such expenses are to be incurred. The law authorizes the board to order an operation and does not fix the time. This record does not disclose that such order, if made, was made at such time that all of the expense of doctor's and hospital bills could have accrued within four months.

■ Lastly, it is complained that the judgment should be reversed because of misconduct of the jury. It is shown that one juror stated to another his construction of the court's charge as requiring that appellee be given the benefit of the doubt as to the proper answer of the special issues. We do not believe that we can hold, as a matter of law, that the juror's expressed misconstruction of a court's charge is misconduct requiring a new trial.

Being of opinion that the judgment of the trial court is in all respects correct and that same should be affirmed, it is accordingly so ordered.

*Writ of error granted.