**BANKERS' LLOYDS v. SEYMOUR.**

**No. 3768.**

Court of Civil Appeals of Texas. Amarillo.
March 16, 1932.

Rehearing Denied April 27, 1932.

D. A. Frank, of Dallas, for appellant.

Frank Sparks, of Eastland, and L. H. Flewellen, of Ranger, for appellee.

RANDOLPH, J.

This suit was filed by Seymour, plaintiff below, hereinafter styled plaintiff, against Bankers' Lloyds, hereinafter referred to as defendant, to set aside an award of the Industrial Accident Board. Trial was before a jury, and on their verdict·the trial court rendered judgment against defendant and in favor of plaintiff, and from such judgment the defendant appeals.

■ The plaintiff attacks the brief filed by defendant because it does not contain any assignments of error. This is not correct. The brief contains, after each proposition, the assignment under which same is submitted, quoted in full. However, this court has held that under the new briefing statutes the Legislature, for the purpose of simplifying the rules for briefing, provided that it was not necessary for the assignments of error to be brought forward in the brief under that name. Heatley v. W. P. Ponder & Sons (Tex. Civ. App.) 40 S.W.(2d) 951. We overrule plaintiff's contention.

■ The defendant charges error in the failure of the plaintiff to show the issuance of the policy by the defendant to him. The plaintiff did prove the payment to him of the sum of $196.82 by the defendant in weekly payments. This certainly is an admission that it had issued a policy, and that that policy was in force at the time of the injury. Georgia Casualty Co. v. Ginn (Tex. Civ. App.) 272 S. W. 601; Independence Indemnity Co. v. Polk (Tex. Civ. App.) 14 S.W.(2d) 330; Barron v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 36 S.W.(2d) 464, 465.

It has also been held by this court that the making of weekly payments at a given rate of compensation is an admission of the weekly wage upon which such payments were made. Texas Employers Insurance Ass'n v. Beckworth (Tex. Civ. App.) 42 S.W.(2d) 827, 831; Fidelity Union Casualty Co. v. L. L. Dapperman (Tex. Civ. App.) 47 S.W.(2d) 408.

■ The definition given by the trial court of "total incapacity to work" is complained of by the defendant. As submitted by the trial court to the jury, such definition is as follows: "In connection with the foregoing special issue, you are instructed that 'total incapacity to work,' as used in this charge, does not mean an absolute inability to do any kind of work, but means that one must be so disabled that he can not perform the usual tasks of a workman to the extent that he can obtain and retain employment."

It may be that this definition was originally subject to the criticism urged against it, but, in view of the fact that the various courts of Texas have so defined the use of the term in the Workmen's Compensation Act, we prefer to follow the beaten path than to attempt to define same for ourselves. In the various cases cited below it will be found that the definition given has been substantially approved. Home Life & Accident Co. v. Corsey (Tex. Civ. App.) 216 S. W. 464, 466; Western Indemnity Co. v. Corder (Tex. Civ. App.) 249 S. W. 316, 317; Millers' Indemnity Underwriters v. Cahal (Tex. Civ. App.) 257 S. W. 957; Texas Employers' Insurance Association v. Brock (Tex. Civ. App.) 26 S.W.(2d) 322; Id. (Tex. Com. App.) 36 S.W.(2d) 704; Texas Employers Insurance Ass'n v. Wonderley (Tex. Civ. App.) 16 S.W.(2d) 386.

■ Subdivisions 1 and 2 of section 1 of article 8309, R. C. S. 1925, provide as follows:

"'Average weekly wages' shall mean:

"1. If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employee shall not have

worked in such employment during substantially the whole of the year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed."

The plaintiff testified that he had worked for sixteen days for the employers with whom he was working at the time of his injury; that he was receiving $3.50 per day from his employers; that he knew the customary and average daily wage in the vicinity or in Wilbarger county where he was working, doing the same kind of work he was doing at the time he was injured; that the companies paid $4 per day.

T. A. Seymour testified that he knew what the average daily wage paid in the vicinity of Vernon, Wilbarger county, and neighborhood of where the plaintiff sustained an injury on April 3, 1930, for teamsters (the kind of work plaintiff was engaged in), and that it was $4 per day.

The court submitted the issue of daily wage to the jury as follows: "From a preponderance of the evidence in this case, find and state in dollars and cents the average daily wage of employees doing the same or similar work as that in which the said Robert Henry Seymour was engaged on April 3, 1930, in the same or neighboring locality where the injury occurred, for substantially the whole of the year prior to said day, for the days actually employed."

The trial court submitted only this one measure of weekly wage average; hence the jury could make no finding under subdivision 3 of section 1 of article 8309, which should be computed in any manner which might seem just and fair to both parties; consequently, there is no basis for compensation "just and fair to both parties."

Under subdivision 2 of section 1 of said article which the court submitted to the jury, there is no evidence in the record justifying the jury's finding in answer to the special issue submitted to them by the court. The reason we say this is that the jury's finding of $4 per day is not based upon the "average daily wage or salary which an employee of the same class working substantially the whole of the immediately preceding year" receives, there being no evidence of any yearly earning by any other employee. It will be seen that the two witnesses who are quoted above based their computations of weekly wage upon what they testified is the customary wage paid to employees, without reference to the period of time of employment.

We cannot apply the rule which we invoked in the Beckworth and Dapperman Cases, supra, because the evidence discloses no weekly payment made in this case, only the payment of a sum total of $196.82. Over what period of time and how much per week is not shown; hence, we cannot say that the defendant acquiesced in any particular wage scale.

A permanent disability of a specific member which totally incapacitates the injured party for work entitles him to compensation for total incapacity. Southern Surety Co. v. Lacoste (Tex. Civ. App.) 7 S.W.(2d) 197; Texas Employers' Insurance Ass'n v. Howell (Tex. Civ. App.) 37 S.W.(2d) 343; Millers' Indemnity Underwriters v. Cahal (Tex. Civ. App.) 257 S. W. 957.

In view of the reversal of this case we suggest to the plaintiff that the evidence upon the question of discount for the purpose of a lump sum settlement is unsatisfactory in that the witnesses introduced did not show that they were qualified to give the testimony which they did give.

The errors assigned upon the argument of counsel before the jury will probably not occur on another trial, hence we do not discuss them.

All other propositions and assignments not discussed by us are overruled, but, for the reasons stated above where we have indicated error, we reverse the judgment of the trial court and remand the case for a new trial.