## TRADERS & GENERAL INS. CO. v. NUNLEY.
### No. 9549.

Court of Civil Appeals of Texas. San Antonio.

April 24, 1935.

Lightfoot & Robertson, of Fort Worth, and Russell & Beaucaire, of San Antonio, for appellant.

Boggess, LaCrosse & Lowrey, of Del Rio, for appellee.

BICKETT, Chief Justice.

This is an appeal by Traders & General Insurance Company from a judgment in the sum of $3,244.12 rendered against it in favor of Theron Nunley for alleged personal injuries, sustained by him in the course of his employment by Thompson & Simpson, for whom appellant was the insurer under the Workmen's .Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.).

The jury in response to special issues found: (1) That Nunley sustained a loss of capacity to work as a result of injuries sustained by him on February 22, 1933; (2) that such incapacity for work began February 22, 1933; (3) that he sustained a total loss of capacity for work as a result of the injury; (4) that such total loss of capacity to work was permanent; (5) that the average daily wage of a person engaged in like or similar work to that of Nunley at that place, or a neighboring place, working substantially the whole of the year preceding the injury, during the days when so employed, was $3 per day; and (6) that manifest hardship and injustice would result to Nunley if the Industrial Accident Board should fail to redeem its liability by paying a lump sum.

Nunley, while working for Thompson & Simpson in connection with the construction of a bridge, sustained an injury to his left foot, on February 22, 1933, by the overturning of a "dinky" engine which he was operating in hauling materials to the bridge location. As a result of the injury, he lost, by amputation, the third and fourth toes and the end joint of the little toe of the left foot. He, also, lost muscular control of the second toe so as to require the use of a splint to keep the toe in proper position. As a result of the amputation and consequent gangrene, there is scar tissue upon the lower third or half of the bottom of the foot, the nerve ends are exposed, and decalcification of the bones of the foot and flatfoot are threatened. He testified that he was unable to walk or stand very long without pain in his left foot and leg; that he has suffered an impairment of his power of locomotion; that he has become nervous and sleepless; that he suffers from frequent headaches and digestive disturbances; that his resistance has become lowered; that he has become reduced in weight from 165 pounds to about 140 pounds; and that he was wholly unable to work on account of his physical condition. As to these matters, he was corroborated by his mother and his aunt.

The medical witnesses testified that Nunley had no objective symptoms, except the loss of the toes, the impairment of the use of the second toe and of the remaining joint of the little toe, the scar tissue, and, according to Nunley's physician, a flat foot. His physician testified that the complaints and disabilities stated by him were the natural, probable, and direct result of the injury received to his foot.

Nunley testified that he received as compensation for his services as a common laborer from the beginning of his employment, September 25, 1932, to the date of injury, February 22, 1933, an average weekly wage of $18. The only other testimony on the subject of wages was that of the county judge, Hon. Roger H. Thurmond, who testified that the wages paid to common laborers on that project, which began about October or November, 1932, was 25 to 30 cents per hour, with no limitation placed upon the number of hours that the employer might require the employee to work.

On March 21, 1933, Nunley filed with the Industrial Accident Board his notice of injury and his claim for compensation for injury, stating in the latter that his daily wage was $2.50 for six days per week and that the injury was "crushed foot." On January 23, 1934, the Industrial Accident Board made an award finding that Nunley's average weekly wage was $14.42; that he suffered injury in the course of his employment, resulting in total incapacity for performance of labor from February 22, 1933, to July 12, 1933; that the rate of compensation based upon the weekly wage found was $8.65; that the sum of $173 had matured for the period of total incapacity found; that, thereafter, he suffered temporary partial incapacity of 50 per cent. from July 12, 1933, to January 31, 1934, a period of twenty-nine weeks, for which he was entitled to $4.32 per week, aggregating $125.28; that, thereafter, he sustained a permanent partial incapacity of 25 per cent., as related to a foot, for which he was entitled to $2.16 per week for a remaining period of seventy-six weeks, the amount of which was reduced to one payment in the sum of $157.28; and that the Traders & General Insurance Company should pay in full $455.56 for the accrued total and temporary partial incapacity and **permanent partial incapacity as found.**

Nunley duly gave notice of his unwillingness to abide by the award and, thereafter, filed this suit.

The record facts pertaining to the matters before the Industrial Accident Board were shown by certified copies of the documents and award, the correctness of which were certified by the secretary of the Industrial Accident Board in his official capacity with the seal of the board affixed.

The petition filed in the district court alleged that plaintiff duly gave notice to the Industrial Accident Board of the accident and injury, within thirty days after the accident occurred, and duly filed his claim with the board for compensation for such injuries within six months after he sustained the injuries; that the Industrial Accident Board made its award, describing it by date and docket number and reciting the filing of a copy thereof among the papers of the cause for jurisdictional purposes; and that plaintiff duly gave notice of his unwillingness to abide by the award; and that, thereafter, plaintiff in due time filed this suit; that the claim as presented was for the total loss of the left foot by reason of the same being crushed; and that the claim, as presented, was one for more than $500.

The court's charge contained instructions inserted between some of the special issues, in substantially the following form: "If you have answered special issue No. 1 in the negative, you need not answer the following question; but, if you have answered special issue No. 1 in the affirmative, then answer the following question."

The petition sufficiently showed the jurisdictional prerequisites, as it showed that the employee gave notice within thirty days of the injury received and filed a claim for compensation therefor within six months, that the Industrial Accident Board had made and filed an award upon the claim, that notice of unwillingness to abide by the award was given within twenty days thereafter, that the compensation claimed was within the jurisdiction of the district court, that the suit was filed within twenty days after date of notice of unwillingness to abide by the award, and that the amount claimed was within the jurisdiction of the court. The substantial facts were alleged in the petition. And it was unnecessary that the copies of the documents and award, in connection with

the proceedings before the Industrial Accident Board, be attached as exhibits to the petition.

■ It was a sufficient authentication of each of the copies of the papers, documents, and award, in connection with the proceedings before the Industrial Accident Board, for their correctness to be certified by the secretary of that board, in his official capacity and under the seal of the board. The language of article 8307, § 8, Revised Civil Statutes of Texas (1925), as amended by Acts of 1931, chap. 89, § 1, p. 132 (Vernon's Ann. Civ. St. art. 8307, § 8), providing that "orders, awards or proceedings of the Board" are admissible as evidence when certified to by the secretary, is sufficiently broad to include all other papers and documents filed in connection with the proceedings before the board. Zurich General Accident & Liability Ins. Co. v. Thompson (Tex. Civ. App.) 47 S.W.(2d) 663.

■ If the effects of an injury to a particular member extend beyond that member and affect the body generally, so as to result in permanent total disability, such injury is compensable, even, beyond the amount provided by the Workmen's Compensation Act for loss of that member, to the extent of the amount allowable by the act for the general disability actually sustained. While the application of the rule may in some cases give rise to the danger of exaggeration, consciously or unconsciously, of the effects of a local, specific injury, that is no argument against the principle. Indeed, the problem of determining the extent of injury often occurs in common-law actions for damages, as well as in workmen's compensation claims, for personal injuries. The only solution of the problem or safeguard against the danger, however it may be regarded, is a trial in the court below according to the forms of law. There was sufficient evidence in this case to sustain the verdict of the jury that the injuries sustained by appellee to his foot were not limited to the pedal extremity, but extended to other parts of the body and resulted in permanent and total loss of capacity to work. Texas Employers' Ins. Ass'n v. Neatherlin (Tex. Com. App.) 48 S.W.(2d) 967; Standard Accident Ins. Co. v. Williams (Tex. Com. App.) 14 S.W.(2d) 1015; Texas Employers' Ins. Ass'n v. Ray (Tex. Civ. App.) 68 S.W. (2d) 290; Employers' Casualty Co. v. Scheffler (Tex. Civ. App.) 20 S.W.(2d) 833; Bankers' Lloyds v. Seymour (Tex. Civ. App.) 49 S.W.(2d) 508; Ætna Life Ins. Co. v. Bulgier (Tex. Civ. App.) 19 S. W.(2d) 821; Texas Employers' Ins. Ass'n v. Adcock (Tex. Civ. App.) 52 S.W.(2d) 781.

■ In a claimant's suit to set aside an award of the Industrial Accident Board, the jurisdictional prerequisite, that the claim must have been presented to the board, is satisfied by due presentation of his claim for a specific injury to a particular member, although he alleges in his petition additional bodily injuries directly and proximately resulting from the specific injury shown by the original claim. Maryland Casualty Co. v. Haley (Tex. Civ. App.) 29 S.W.(2d) 458; Indemnity Insurance Co. of North America v. Harris (Tex. Civ. App.) 53 S.W.(2d) 631; United States F. & G. Co. v. Baker (Tex. Civ. App.) 65 S.W.(2d) 344; Texas Indemnity Ins. Co. v. White (Tex. Civ. App.) 37 S. W.(2d) 277; Texas Employers' Ins. Ass'n v. Moore (Tex. Civ. App.) 46 S.W.(2d) 404; Id. (Tex. Com. App.) 70 S.W.(2d) 702. See, also, cases cited in foregoing paragraph.

■ A claimant, suing to set aside an award of the Industrial Accident Board, will not be deemed to have waived the right to recover compensation for general injuries, directly and proximately resulting from a specific injury to a particular member, by virtue of the fact that he filed a claim before the board for the specific injury and, prior to the board's award, accepted from the insurer voluntary payments based on the specific injury. Without dispute, the claimant received the foot injury and was entitled to compensation, at least, to the extent of the payments that were made. The payments antedated the award of the board, from which it follows that the claimant cannot be considered as having accepted the award and waived his right to prosecute his claim further. It is, also, to be observed that credit was allowed to the insurer for the amount of the payments in computing the amount of the judgment, so that there can be no question of a double recovery.

■ Similarly, a claimant, suing to set aside an award of the Industrial Accident Board, will not be considered as having waived the right to prove the facts in compliance with the statutory rule as to the daily wage basis for compensation, by vir-

tue of the fact that, in his claim before the board, he stated the amount of his daily wage which was less than that proved, and the fact that, prior to the board's award, he accepted from the insurer voluntary payments based on the amount of the daily wage stated in the claim. As Nunley was not engaged for as long as a year in the kind of employment in which he was working at the time of the injury, the second method, or rule, for determining the basic wage, as provided in article 8309, Revised Civil Statutes of Texas (1925), was applicable. That provision is, "If the injured employee shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of three hundred times *the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place,* shall have earned in such employment during the days when so employed." Article 8309, § 1, subd. 2. The criterion was not the wage of the claimant, but the wage of an employee as described by the above italicized words of the statute. Thus, the statement of the claimant's actual wage would not constitute a waiver so as to prevent him from making the only character of proof that would support a judgment in his favor; nor would the acceptance of payments, based upon the statement and received prior to the board's award, constitute such a waiver.

 The additional instruction in the court's charge inserted between special issues submitted, instructing the jury, in substance, that, if they answered the preceding issue in the negative, they should not answer the following issue, but that, if they answered the preceding issue in the affirmative, then they should proceed to answer the following issue, does not have the effect of improperly informing the jury as to the effect of their answers and does not, for that reason, render the charge improper. Millerman v. Houston & T. C. R. Co. (Tex. Civ. App.) 27 S.W.(2d) 897; Western Indemnity Co. v. Corder (Tex. Civ. App.) 249 S. W. 316.

The evidence having failed to show the facts necessary to establish the comparative wage scale prescribed by the second subdivision of section 1 of article 8309, Revised Civil Statutes of Texas

(1925), above quoted, the verdict and the judgment are wholly without support. The only question directly touching the matter was the one propounded to Judge Thurmond, "Assuming that he was engaged as a common laborer out there, are you familiar with the scale of wages that was paid to common laborers on that project during the time for the twelve months period preceding February 2nd, 1933?" The undisputed evidence, including the testimony of this witness, is that "that project," the bridge where appellee was working at the time of the injury, was not begun until October or November, 1932. The language of the question clearly confined the answer of the witness to the particular project. And the attempt to inject the year time element into the question was futile; it called for an impossible answer, because of the preponderating fact that the particular work had not been going on for a year. Appellant's objection to the testimony should have been sustained, because the attempted proof was not according to the statutory criterion. And, even, in the absence of objection, the testimony entirely failed to meet the statutory requirement. Bankers' Lloyds v. Seymour (Tex. Civ. App.) 49 S.W.(2d) 508; Texas Employers' Ins. Ass'n v. Fitzgerald (Tex. Com. App.) 296 S. W. 509; American Fidelity & Casualty Co. v. Bradley et al. (Tex. Civ. App.) 70 S.W.(2d) 645.

The remaining alleged errors do not require discussion, as they probably will not arise upon another trial.

The judgment of the district court is reversed and the cause remanded.