**TEXAS EMPLOYERS' INS. ASS'N v. BROCK.**
Motion Nos. 9507, 9508, 9510; No. 1244—5746.

Commission of Appeals of Texas, Section B.
Feb. 18, 1931.

On Rehearing, March 18, 1931.

Harry P. Lawther, William M. Cramer, and James P. Swift, all of Dallas, for plaintiff in error.

Brazil & Musselwhite, of Lufkin, for defendant in error.

SHORT, P. J.

The defendant in error, a minor 15 years of age at the time of the transaction involved, through his father as next friend, instituted a suit against the plaintiff in error, under the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.) after the Industrial Accident Board, while granting his claim for compensation, had denied payment in a lump sum, and recovered a judgment in the district court of Cherokee county for $10.38 per week for 401 weeks, to be paid in a lump sum

amounting to $4,162.38, "less a discount at the rate of 6% per annum compounded interest on the unmatured weekly payments at the time of the payment of the judgment," and also less $21 already paid by plaintiff in error. From this judgment the plaintiff in error appealed to the Court of Civil Appeals at Texarkana where the judgment of the trial court was affirmed. 26 S.W.(2d) 322.

In the application for the writ of error the plaintiff in error, in the statement of the nature and result of the suit, says that the only contested issues in the district court were: (1) The extent of the injury and the resulting length of disability therefrom; (2) the question of a lump sum settlement; and (3) the wage rate which, however, was eliminated by agreement of the parties, thus leaving only two contested issues.

The jury found, in answer to the special issues submitted, that the defendant in error sustained the injuries on the date alleged, which injuries resulted in his total incapacity to perform labor; that such total incapacity was permanent; that manifest hardship and injustice would result to the defendant in error if his compensation is not paid to him in a lump sum. These facts so found by the jury, having been approved by the Court of Civil Appeals and not having been challenged as having no sufficient support in the testimony, it must be presumed that, in so far as the facts are concerned, above mentioned, as applicable to the law of the case, the judgment of the Court of Civil Appeals should be affirmed.

■ However, it further appears from the record, without dispute, that there was neither pleading nor proof showing the proper rate of discount for determining the present value of lump sum payment, and, such being the state of the record, the plaintiff in error insists that so much of the judgment as awards to the defendant in error a lump sum is clearly erroneous, being without support in the record, citing in support of its contention Maryland Casualty Co. v. Marshall (Tex. Civ. App.) 14 S.W.(2d) 337, Petroleum Casualty Co. v. Bristow (Tex. Civ. App.) 21 S.W.(2d) 9, and Texas Employers' Insurance Association v. Stephens (Tex. Civ. App.) 22 S.W.(2d) 144. The Court of Civil Appeals, in denying the correctness of this contention, cites in support of its holding United States Fidelity & Guaranty Co. v. Nettles, 21 S.W.(2d) 31. In the case last cited a writ of error was granted, and, in an opinion written by Judge Leddy of this Section of the Commission, 35 S.W. (2d) 1045, we held in harmony with the opinion of Section A of the Commission of Appeals in the case of Herzing v. Texas Employers' Insurance Association, 17 S.W.(2d) 1046, to the effect that, in arriving at the present value of the weekly payments it is necessary that there be pleading and proof of the rate of discount for future maturing install-

ments. In the absence of pleading and proof on this subject, the trial court was without authority to determine the present value of the future installments, and it necessarily results that so much of the judgment rendered in this case as awards the payment of a lump sum is erroneous.

■■ The facts found by the Court of Civil Appeals to have been established by the record in this case show beyond dispute that the injured party, the defendant in error in this case, received injuries which totally incapacitated him from performing, as he had been accustomed, the task of a workman and also that the injuries suffered were of a permanent nature. The trial judge, at the request of the plaintiff in error, gave a special instruction defining "partial incapacity," as used in the court's main charge, to mean the ability to perform some of the duties of an ordinary workman; in other words, any disability less than 100 per cent. This instruction necessarily had the effect to modify and explain the definition given in the court's main charge of total incapacity, and the two instructions furnished the jury, with the correct rule by which to determine whether the defendant in error had suffered total incapacity, within the meaning of that phrase, as used in the statute.

The court, in its charge to the jury, defined "total disability" as follows: "In answering the foregoing issue you are charged that the term 'total incapacity,' as used in the Workmen's Compensation Act, does not imply an absolute disability to perform any kind of labor, but a person disqualified from performing the usual task of a workman in such a way as to enable him to procure and retain employment is regarded as total incapacity." To this definition of this phrase the plaintiff in error interposed an objection, and specially requested the court to define the phrase as meaning that the plaintiff is unable to perform any of the duties of an average workman, but to be totally incapacitated he must be under a 100 per cent. disability. This requested instruction was denied, and the action of the trial court, having been sustained by the Court of Civil Appeals, the matter has been presented by an assignment to the Supreme Court. We think the Court of Civil Appeals correctly disposed of the matter, and that the cases cited in the opinion by the Court of Civil Appeals sustain that disposition. Moreover it is apparent that the definition of the phrase "total incapacity," as expressed in the special instruction requested, is clearly incorrect. The plaintiff in error cites us to no authority in support of its contention that the requested instruction is a correct definition of the term "total incapacity," and we know of no such authority. The plaintiff in error does cite the case of Employers' Casualty Co. v. Scheffler (Tex. Civ. App.) 20 S.W.(2d) 833, but an examination of that

case shows that the objection interposed to the definition of the phrase "total incapacity" grew out of the fact that the court refused to give a special instruction defining the word "permanent" which had been used in defining "total incapacity," while in the case at bar it will be noted that no such objection was made as was made in the case cited, and no such instruction in this case was asked as was asked in the case cited. Commonwealth Bonding & Casualty Co. v. Bryant (Tex. Sup.) 240 S.W. 893; Great Southern Life Insurance Co. v. Johnson (Tex. Com. App.) 25 S.W.(2d) 1093.

 The authorities are quite uniform that, in construing the Workmen's Compensation Law, the purpose of the Legislature in enacting it must be given effect. That purpose, among others, is to partially compensate the injured employee for the loss of his previous ability to secure and retain employment in his capacity as a laborer. , The law divides the conditions which must be shown to have been the result of the injuries suffered by an employee, during the course of employment, into three classes; one being permanent total incapacity, another a permanent partial incapacity, and the other for injuries resulting in hernia.

 The defendant in error introduced testimony tending to show that he had suffered a permanent total disability. The plaintiff in error introduced testimony tending to show that the defendant in error had only suffered a permanent partial disability. With the record in this condition, it was incumbent upon the trial court to define the phrase "total disability" and also the phrase "partial disability." The court did this, defining the phrase "partial disability" in the language requested by the plaintiff in error, and, if this was an incorrect definition, the error resulting therefrom would be in the nature of an invited one, of which the plaintiff in error would not be in a position to complain. The ultimate fact incumbent upon the defendant in error to establish was that by reason of the injuries suffered he was deprived of the ability theretofore possessed by him, to enable him to procure and retain employment and that this resultant injury, with its consequences, was of a permanent character. According to the verdict of the jury the defendant in error established both of these necessary elements. But the plaintiff in error pleaded and introduced testimony tending to show that the entire contention of the defendant in error was not shown, but that, while the injuries suffered were of a permanent nature, yet these injuries did not totally incapacitate the defendant in error to enable him to procure and retain employment as he had aforetime been enabled to do. In support of its contention the plaintiff in error had the court to instruct the jury, in language selected by it, the legal meaning of the phrase "partial incapacity," and thus the jury were given a guide by which to determine

this issue thus presented. In other words, there were only two issues presented by the testimony, and the court correctly submitted the law of the case applicable to those two issues under the facts of this case.

 The instruction of which complaint is made, defining the term "total disability," must be construed by giving effect to all the language used in phrasing the definition of the term. The instruction defining the term "total disability" qualifies the otherwise unqualified statement that an injured employee might have the ability to perform some kind of labor and yet be totally disabled by other language, to the effect that the disability must be such as would render the workman incapable of procuring and retaining employment. So the proposition presented by the plaintiff in error that it is erroneous to instruct the jury to the effect that, if a workman is not able to do the ordinary task of a workman, he would be suffering a total disability, cannot be sustained, in view of the instruction actually given, nor can the other proposition be sustained, to the effect that the instruction defining the phrase "total disability" under the facts of this case unduly emphasized the issue presented by the testimony, where the defendant in error had suffered a permanent total disability. The law of the case having been correctly delivered to the jury and the Court of Civil Appeals having found the evidence to be sufficient to sustain the verdict of the jury, that the defendant in error had suffered a permanent total disability, we are of the opinion that on this phase of the case, the plaintiff in error has suffered no injury.

 Another assignment is based upon the action of the court in permitting the defendant in error to testify that in his opinion he would not be able to do physical or manual labor in the future, over the objection of plaintiff in error, based upon the ground that the defendant in error was not an expert, and that his opinion of what he would be able to do in the future was not evidence of any fact which the jury could consider. We do not think it is necessary to discuss at length the law applicable to this assignment. Clearly the testimony was inadmissible and should not have been permitted to go to the jury. Volume 1, Elliott on Evidence, p. 802, § 679. However, we are of the opinion that the admission of this evidence was not of the nature and character, when all of the other testimony in the case was considered, as was likely to have had any harmful effect upon the rights of the plaintiff in error, and, such being our conclusion, while we think there was error in admitting the testimony, such error is not a reversible one. Rules of the Supreme Court 62a.

 The witness Lee McKnight, having testified favorably to the plaintiff in error, was asked on cross-examination by the de-

fendant in error if he was not working at that time for the employer who carried insurance with the plaintiff in error, and having answered in the affirmative, the plaintiff in error then asked the witness whether the fact that he was working for this employer would affect his testimony one way or the other. To this question the defendant in error objected, and the trial court sustained the objection.

The bill of exception taken to the action of the court, sustaining the objection to this question, is fatally defective in that the bill does not show what the answer of the witness would have been to this question, which fatal defect deprives us of the authority to supply it. Without a full and complete bill of exception, no question of law is presented for decision by the Supreme Court. The mere asking of a question, however improper, as a general proposition, is not reversible error. The real injury, if any, suffered by the party asking the question, is embodied in the answer thereto. An unanswered question furnishes no testimony. It sometimes does occur, though not in this instance, that the mere asking of a question, by an opposite party, injects into the record improper and irrelevant matter of an injurious nature, which might result in so much harm as would require a reversal of the case. No such situation appears in this case. We therefore overrule this assignment.

The defendant in error requested the Court of Civil Appeals to reform the judgment rendered so that his compensation would be paid weekly, in accordance with the findings of fact on that subject, in the event that the court should deny him payment in a lump sum. The defendant has made the same request of the Supreme Court. The judgment of the trial court recites that the parties had agreed the defendant in error was an employee of J. W. Sessions, who carried insurance with the plaintiff in error to protect his employees at the time the defendant in error was injured; that his compensation rate is $10.38 per week, from which facts the trial court rendered judgment in favor of the defendant in error against the plaintiff in error at that rate for 401 weeks, less $21 already paid, aggregating $4,162.38. The court then proceeded to discount this amount at the rate of 6 per cent. per annum compound interest on the unmatured weekly payments at the time of the payment of the judgment. As we have seen, the court was without authority to discount the aggregate amount of the weekly payments, and, in view of the request of the defendant in error, above stated, we are of the opinion that the judgments of the Court of Civil Appeals and of the trial court should be reversed, and that judgment should be rendered against the plaintiff in error and in favor of the defendant in error

and his attorneys, two-thirds in favor of the defendant in error and one-third in favor of the attorneys, Brazil and Musselwhite, payable in weekly installments of $10.38 per week, beginning the 27th day of August, 1929, with 6 per cent. interest on each weekly installment from the time each became due after the 27th day of August, 1929.

We therefore recommend that the judgments of the Court of Civil Appeals and of the trial court be reversed, and that judgment be rendered by the Supreme Court in favor of Jasper Brock, a minor, against the Texas Employers' Insurance Association for the sum of $836.83, which is the amount, with accrued interest, due at the rate of $10.38 weekly up to and time of the rendition of this judgment on the 18th day of February, 1931, one-third of said amount to be paid to his attorneys, Brazil and Musselwhite, and that judgment be further rendered in favor of said minor, Jasper Brock, for the sum of $10.38, to be paid weekly beginning on the 18th day of February, 1931, until the amount so paid weekly shall aggregate the sum of $3,373.50, one-third, however, of said weekly payments to be paid to said attorneys, Brazil and Musselwhite. We further recommend that judgment be rendered against J. R. Brock, next friend to the minor Jasper Brock, in favor of the Texas Employers' Insurance Association for all costs incurred in this behalf.

CURETON, C. J.

Judgments of the District Court and Court of Civil Appeals are both here vacated, and judgment here rendered for the defendant in error, and costs taxed, all as recommended by the Commission of Appeals.

On Rehearing.

SHORT, P. J.

The plaintiff in error has filed its motion for rehearing in this case, claiming that the error of the trial court, in admitting nonexpert testimony, with reference to a matter which could only be established by expert testimony, is a reversible one. In our original opinion we held that it was not. We are of the same opinion still, and think this motion should be overruled.

The defendant in error has filed a motion to correct the judgment entered, conclusively showing by the record, that the injuries, for which compensation has been allowed, occurred on April 10, 1929, and that the minor became entitled to receive compensation weekly at the rate of $10.38, and therefore the accumulated installments, for which he is entitled, to recover an aggregate sum, are greater than the amount which he was allowed to recover in our original opinion. We think that the judgment should be corrected in accordance with said motion, so as to

eliminate the errors indicated in the last two paragraphs in the original opinion, which should be vacated, and in place thereof the following substituted:

The defendant in error requested the Court of Civil Appeals to reform the judgment rendered so that his compensation would be paid weekly, in accordance with the findings of fact on that subject, in the event that the court should deny him payment in a lump sum. He has made the same request of the Supreme Court. The judgment of the trial court recites that the parties had agreed the defendant in error was an employee of J. W. Sessions who carried insurance with the plaintiff in error to protect his employees at the time the defendant in error was injured; that his compensation rate is $10.38 per week, from which facts the trial court rendered judgment in favor of the defendant in error against the plaintiff in error at that rate for 401 weeks, less $21 already paid, aggregating $4,162.38. The court then proceeded to discount this amount at the rate of 6 per cent. per annum, compound interest, on the unmatured weekly payments at the time of the payment of the judgment. As we have seen, the court was without authority to discount the aggregate amount of the weekly payments, and, in view of the request of the defendant in error, above stated, we are of the opinion that the judgments of the Court of Civil Appeals and of the trial court should be reversed, and that judgment should be rendered against the plaintiff in error and its sureties on its supersedeas bond and in favor of the defendant in error and his attorneys, two-thirds in favor of the defendant in error and one-third in favor of his attorneys, Brazil & Musselwhite, payable in weekly installments of $10.38 per week, beginning on the 17th day of April, 1929, less $21 heretofore paid, with 6 per cent. interest on each weekly installment from the time each became due after the 17th day of April, 1929.

We therefore recommend that the judgments of the Court of Civil Appeals and of the trial court be reversed, and that judgment be rendered by the Supreme Court in favor of Jasper Brock, a minor, against the Texas Employers' Insurance Association, and its sureties on the supersedeas bond, to wit, L. W. Groves and Employers' Casualty Company, for the sum of $1,067.40, which is the amount, with accrued interest, due at the rate of $10.38 weekly up to the time of the rendition of this judgment on the 18th day of March, 1931, one-third of said amount to be paid to his attorneys, Brazil & Musselwhite, and that judgment be further rendered in favor of said minor, Jasper Brock, for the sum of $10.38, to be paid weekly beginning on the 25th day of March, 1931, until the amount so paid weekly shall aggregate the sum of $3,145.14, one-third, however, of said weekly payments to be paid to said attorneys, Brazil & Musselwhite. We further recommend that judgment be rendered against J. R. Brock, next friend to the minor, Jasper Brock, in favor of the Texas Employers' Insurance Association for all costs incurred in this behalf.

The defendant in error has also filed a motion to retax the costs which were adjudged against J. R. Brock, next friend to the minor, Jasper Brock, in our original opinion. With reference to the matters stated in this motion, it is only necessary to say that the record shows that the Industrial Accident Board awarded compensation to the minor, to be paid in weekly installments, but denied payment in a lump sum, to abide by which award J. R. Brock, in the capacity of next friend for the minor, indicated his unwillingness, by instituting a suit against the plaintiff in error in the district court of Cherokee county, with the result indicated in the original opinion. This judgment was affirmed by the Court of Civil Appeals. From this judgment the plaintiff in error prosecuted a writ of error to the Supreme Court, where, as has been shown, it was decided that the defendant in error was not entitled to payment in a lump sum. According to the judgment rendered by the Supreme Court, as evidenced by the original opinion, the successful party in the litigation is the plaintiff in error, and, since the statute provides, "the successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided," (Vernon's Ann. Civ. St. art. 2056) it follows that under the law the motion to retax the cost must be denied.

We therefore recommend that the motion for rehearing, filed by the plaintiff in error, be overruled, that the motion to retax cost by the defendant in error be overruled, and that the motion filed by the defendant in error to correct the judgment in the matter heretofore mentioned be granted, and that the last two paragraphs in the original opinion be vacated, and in place thereof there be substituted the recitations and orders heretofore stated, and that, as corrected, the judgment be made final as of this date, to wit, March 18, 1931.

CURETON, C. J.

Judgment heretofore entered by Supreme Court vacated, and judgments of the district court and Court of Civil Appeals reversed, and judgment here entered, on motion to correct judgment, as recommended by the Commission of Appeals.