## UNITED STATES FIDELITY & GUARANTY CO. v. NETTLES.

### No. 1229–5600.

Commission of Appeals of Texas, Section B. March 4, 1931.

Spell, Naman & Penland, of Waco, for plaintiff in error.

Bryan & Maxwell, of Waco, for defendant in error.

LEDDY, J.

In this case defendant in error, the claimant in an action under the Workmen's Compensation Law, was found to be totally and permanently incapacitated by reason of injuries received in the course of her employment, and the insurer was compelled to redeem its liability by the payment of a lump sum. In arriving at the amount to be paid, the trial court, without any evidence or jury finding as to the rate of discount, arrived at the present value of the unmatured weekly payments when redeemed in a lump sum by discounting the same at the legal rate of 6 per cent. and rendered judgment accordingly.

Plaintiff in error, by proper assignment, challenges the correctness of the action of the trial court in rendering judgment against it for a lump sum arrived at in such manner for the reason that the statute does not provide a rate of discount for future maturing installments, and it is asserted that, in the absence of evidence as a basis for determining the reasonable and proper discount to be applied, the trial court was without authority to fix the rate of discount at 6 per cent. and award the claimant a lump sum based upon such rate.

The authority which permits the court to substitute a lump sum in lieu of weekly installments to the claimant is found in section 15, article 8306, R. S. 1925, which, among other things, provides: "In special cases where in the judgment of the board manifest hardship and injustice would otherwise result, the board may compel the association in the cases provided for in this section to redeem their liability by payment of a lump sum as may be determined by the board."

It is very persuasively argued by counsel for defendant in error that the legal rate of discount provided in section 15a of article 8306 was intended to apply to the special cases arising under the above provision of section 15 of said article. This identical contention was made in the case of Herzing v. Texas Employers' Ins. Ass'n, 17 S.W.(2d) 1046, but the same was decided adversely to defendant in error's view by the approval of the Supreme Court of the opinion of Section A of the Commission of Appeals.

Defendant in error attempts to avoid the conclusive effect of the decision in the above case upon the ground that the holding of the Commission was not expressly approved by the Supreme Court. This view, however, cannot be successfully maintained for the reason it appears in that case the trial court heard evidence as to the present value of the unmatured weekly installments from which it fixed the rate of discount to be applied at less than the legal rate of 6 per cent. Upon appeal the Court of Civil Appeals [9 S.W.(2d) 457] adopt-

ed the view presented by defendant in error in this case that the legal rate of 6 per cent. should be applied, and reformed the judgment of the trial court so as to award the recovery of a lump sum based upon such discount rate.

The Commission of Appeals reversed the judgment of the Court of Civil Appeals, holding that, in the special cases provided for in section 15, art. 8306, "the statute contemplated that the court fix the present value of the weekly installments prescribed," and, further, that the provisions of section 15a providing for a discount based upon the legal rate of interest had "relation only to cases of continued 'weekly payments' of increased amount but of decreased number."

It is therefore distinctly held by the Commission of Appeals in the above case that, in cases coming under the provisions of section 15, art. 8306, the present value of unmatured weekly installments must be determined from evidence offered upon the trial.

The judgment of the Court of Civil Appeals, which held that the legal rate of 6 per cent. should be applied, was held to be erroneous by the Commission of Appeals, and the judgment of the trial court, which fixed a lesser rate of discount from the evidence adduced, was approved. The Supreme Court adopted the recommendation of the Commission, without expressly approving its holding.

▆ The adoption, however, by the Supreme Court of the opinion of the Commission of Appeals under the issue as thus presented was necessarily an approval of the construction by the Commission of section 15, art. 8306, for the reason that, if the Commission's interpretation of the statute was erroneous, the judgment of the Court of Civil Appeals was correct and should have been affirmed. Inasmuch as the Supreme Court approved the judgment of the Commission reversing the judgment of the Court of Civil Appeals and affirming that of the trial court, it is bound to have reached the conclusion that the trial court applied the proper basis of discount, that is a rate fixed under evidence adduced, and that the Court of Civil Appeals erred in holding that the legal rate of 6 per cent. was applicable in such cases.

Plaintiff in error complains of the refusal of the trial court to sustain its motion made during the trial of this case to require defendant in error to be examined by three physicians to be designated by the court.

The explanation of the trial court to the bill of exceptions presenting this question shows that the request for examination was not made until defendant in error had rested her case and plaintiff in error was practically through with its testimony. It is further shown that defendant in error had, at the request of plaintiff in error, about a year prior to the date of the trial, freely submitted herself to the examination of physicians, surgeons, and X-ray experts, and that several of such physicians and experts testified upon the trial in behalf of the plaintiff in error and the X-ray pictures were exhibited to the jury.

▆▆ Where a case arising under the Workmen's Compensation Law is pending on appeal in the district court, the matter of permitting reasonable examinations of the claimant is largely within the discretion of the trial court, and its action will not be reviewed by the appellate court unless it be made to appear that such discretion has been abused. In view of the fact that defendant in error claimed to be suffering from the same permanent injury on the trial as that which existed at the time she was examined by physicians at the request of plaintiff in error, we are not prepared to say that the trial court abused its discretion in refusing to require a further examination. Texas Employers' Ins. Ass'n v. Downing (Tex. Civ. App.) 218 S. W. 112; Texas Employers' Ins. Ass'n v. Knouff (Tex. Civ. App.) 271 S. W. 633; Williams v. Employers' Liability (Tex. Civ. App) 293 S. W. 210.

For the reason indicated, the judgments of the trial court and Court of Civil Appeals [21 S.W.(2d) 31] are reversed, and the cause remanded for another trial.

·CURETON, C. J.

Judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.