## SECURITY UNION INS. CO. v. GUTHRIE.
### No. 12491.

Court of Civil Appeals of Texas. Fort Worth.
June 20, 1931.

Rehearing Denied July 18, 1931.

T. R. Boone and E. T. Duff, both of Wichita Falls, for appellant.

E. W. Napier, of Wichita Falls, for appellee.

CONNER, C. J.

This is an appeal from an award of the district court of Wichita county in favor of Mrs. Bettie L. Guthrie against the Security Union Insurance Company for compensation under the Workmen's Compensation Law, at the rate of $9 a week, beginning August 28, 1929, and continuing for 401 consecutive weeks. The plaintiff alleged and the jury found that she was entitled to a lump sum award, and the judgment was accordingly rendered for the aggregate sum of $3,040.68, representing the total amount of compensation for 401 weeks at the rate of $9 a week, plus interest on the 40 weeks compensation which have already accrued after allowing the discount applied by the Industrial Accident Board, together with interest upon the aggregate thereof from this date (to wit, June 12, 1930) "until paid at the rate of six per cent per annum and all costs of suit."

Numerous exceptions were taken and here urged to the plaintiff's petition, but none of them, we think, are of sufficient weight to require discussion. We think the allegations sufficiently show that the plaintiff was an employee of the City Laundry Company in the city of Wichita Falls, Wichita county, and that that company was a subscriber under the Workmen's Compensation Law; and also that during her employment she was injured, in the manner and in the particulars specified in the petition, which resulted in a total and permanent inability on her part to perform any kind of work. The facts necessary to the jurisdiction of the district court were, we think, also all sufficiently alleged. She also sufficiently alleged special circumstances, which, if proven, would entitle her, under the terms of section 15, of article 8306, of the Workmen's Compensation Law, to a lump sum payment, for which she prayed, "less a reasonable discount, which she alleged should be calculated at a rate of six per cent per annum for the entire compensation period."

The case was submitted to a jury upon special issues, which we think are not subject to the objections made, and the findings thereon are sufficiently supported by the evidence and authorized the judgment rendered, unless the following objections to the proceedings must be sustained.

The plaintiff sought recovery for compensation at $9 a week for 401 weeks, and prayed for a lump sum award, less a reasonable discount, which she alleges should be calculated at the rate of 6 per cent. per annum for the entire compensation period. The only evidence relating to the rate of discount is that given by the attorney for plaintiff, in which he testified:

"I am a practicing attorney at the Wichita County Bar and have handled a considerable number of compensation claims and have been doing this for two or three years. I am familiar with the way that the Industrial Accident Board of the State of Texas handles these claims, and I know that the Board discounts compensation claims at the rate of six per cent in the case of lump sum settlements, and that is the customary rate that is ordinarily applied in cases of this character, and I want to introduce the table a little later, when I bring it down."

The statement of facts contains no table relating to the subject as suggested. This evidence was duly excepted to in behalf of the appellant on the following ground, to wit:

"For the reason that what the Board fixes as a reasonable discount is irrelevant and immaterial and further that E. W. Napier was not shown to have been qualified to give the rate of interest in this particular territory."

The exception was overruled and no issue was submitted by the court or requested by either party seeking a jury finding of the proper discount to be applied, the only record of a finding relating to this subject being that found in the judgment, which awarded the plaintiff, as already noted, compensation at the rate of $9 a week for 401 weeks "after allowing the discount applied by the Industrial Accident Board."

In the recent case of United States Fidelity & Guaranty Co. v. Nettles, 35 S.W.(2d) 1045, in an opinion by Judge Leddy, of Section B of the Commission of Appeals, specially approved by the Supreme Court, it was held that under section 15, art. 8306, the present value of lump sum compensation award in special cases must be determined from the evidence offered on the trial.

And in the later case of Texas Employers' Insurance Ass'n v. Brock, 36 S.W.(2d) 704, by presiding Judge Short of the same section, it was held that, in the absence of pleading and proof showing proper rate of discount for determining present value of future installments of compensation, a judgment awarding lump sum payment was erroneous.

The question, therefore, is whether under the facts recited, and in the absence of a jury finding, the judgment in plaintiff's favor for a lump sum settlement can be upheld. The writer inclines to the view that the testimony of counsel for appellee as to the proper rate of discount was subject to the objections made to it, and therefore should have been excluded. The testimony of the witness as a whole, when read in the light of the recitation in the judgment relating to the matter, amounts to no more than a hearsay statement of the rule of discount adopted by the Industrial Accident Board, and therefore

should have been rejected, thus leaving the case without competent proof of the proper rate of discount, and the court without authority to make a finding of his own. See U. S. Fidelity & Guaranty Co. v. Nettles (Tex. Com. App.) 35 S.W.(2d) 1045; Tex. Employers' Ass'n v. Brock (Tex. Com. App.) 36 S.W.(2d) 704.

The majority, however, are of the opinion that the answer of the witness is separable; that the answer is to be construed not only as embodying the rule of the Accident Board, but also as establishing the customary rate in the cases of this character, and, moreover, that under the ruling in the Ormsby Case, 117 Tex. 242, 1 S.W.(2d) 1084, the issue is only a supplemental or incidental one not extending to an independent ground of recovery or defense, and hence may be found by the court in the absence of a submission of the issue to the jury, citing Texas Indemnity Ins. Co. v. Holloway (Tex. Civ. App.) 30 S.W.(2d) 921, 922, where it is said, quoting from the headnotes, that:

"Where issue of reasonable discount on lump-sum payment of future compensation was not submitted nor requested, held, it was duty of trial judge to determine issue."

■ We should possibly notice one other assignment of error. Among other issues, the court submitted the following:

"Do you find from a preponderance of the evidence that the plaintiff, Bettie L. Guthrie, sustained an injury on or about the 20th day of August, 1929, to her left arm, forearm, neck and shoulder, either or all."

Objection was timely made to this on the ground that it was duplicitous. It seems evident to us, if plaintiff's injury was to her left arm, or forearm, or neck, or shoulder, either one or all, and such injury resulted in the incapacity alleged, that she would be entitled to recover. In the case of Security Union Ins. Co. v. Hall, 37 S.W.(2d) 811, 815, the Amarillo Court of Civil Appeals, in disposing of a like subject, had this to say:

"The appellee alleges that the injury sustained was to his left elbow, arm, and forearm. Special issue No. 1 requested by appellant and given by the court submits whether or not the condition of 'the plaintiff's left arm or elbow' was due to rheumatic trouble. The uncontroverted testimony is that the injury was to the elbow of the left arm of appellee. Appellee's suit was for permanent partial incapacity to his arm, and he was entitled to draw the same compensation as he would have received for the loss of the arm. Article 8306, § 12, R. C. S. 1925; Lumbermen's Reciprocal Ass'n v. Pollard (Tex. Com. App.) 10 S.W.(2d) 982. This assignment is overruled."

All other questions presented by the assignments of error having been determined adversely to appellant, it is ordered, in accordance with the opinion of the majority, that the judgment below be affirmed.

CONNER, C. J., dissenting.