### TEXAS EMPLOYERS' INS. ASS'N v. FINNEY et al.

#### No. 7659.

Court of Civil Appeals of Texas. Austin.

Oct. 28, 1931.

Rehearing Denied Nov. 25, 1931.

**BAUGH, J.**

This case arose under the Workmen's Compensation Act. Mrs. Cora Finney received an injury resulting in the loss of her thumb and three fingers on her left hand while employed at the Family Service Laundry in San Angelo, Tex. A compensation policy, issued by appellant in the name of that laundry, was then in force. She applied to and was awarded compensation by the Industrial Accident Board, but being dissatisfied with same brought this suit in the district court to set it aside. The case was tried to a jury on special issues, in response to which they found as follows:

1. That her injury resulted in total incapacity;

2. That such total incapacity was permanent;

3. That her weekly wage was $15.25; and

4. That payment of compensation in weekly installments instead of in a lump sum would result in manifest hardship and injustice to her.

The court thereupon rendered judgment in her favor for $2,997.42, and awarded her attorney a one-third interest therein; hence this appeal.

The first contention made by appellant is that appellees' petition failed, as against a general demurrer, to allege the amount of the claim before the Industrial Accident Board essential to show jurisdiction in the district court. We do not sustain this contention. It is true that her petition did not allege a specific claim for a specific sum presented to the board, but did allege the exact nature and extent of her injuries, viz.: Loss of a thumb, index, middle, and ring fingers on her left hand; that her wage was $15.25 per week; and that such injury had caused permanent and total incapacity. She also alleged that due notice of these injuries had been given to the board, a hearing had thereon, and an award made by the board. The injuries suffered are among those for which the Compensation Act makes specific provision, expressly fixing the amount of weekly wage recoverable, and the period of time for which it may be awarded. See section 12, art. 8306, R. S. The statute having fixed the amount and period of recovery, the particular injuries and the weekly compensation of the employee being alleged, a mere calculation showed a claim presented to the board well within the jurisdiction of the district court. Travelers Ins. Co. v. Peters (Tex. Com. App.) 17 S.W.(2d) 457.

Appellant's fifth proposition complains that the trial court failed to place the burden of proof on the plaintiff. Only four issues were submitted and each of these was prefaced with the language, "Do you find from a preponderance of the evidence" the fact in-

James P. Swift, Wm. M. Cramer, and Lawther, Cox & Cramer, all of Dallas, for appellant.

Robert P. Brown and W. H. Lipscomb, both of San Angelo, for appellees.

quired about. Each issue therefore carried its own burden of proof and no further charge was necessary. Such method of submitting special issues has been repeatedly approved as sufficient and proper. Texas Ins. Co. v. Beal (Tex. Civ. App.) 35 S.W.(2d) 1054; Texas Emp. Ass'n v. Sloan (Tex. Civ. App.) 36 S.W. (2d) 319; Commercial Standard Ins. Co. v. Lee (Tex. Civ. App.) 37 S.W.(2d) .789. Morgan v. Maunders (Tex. Civ. App.) 37 S.W.(2d) 791.

Appellant also contends that it was entitled to a directed verdict because the evidence showed: (1) That Mrs. Finney was not an employee of the Family Service Laundry, but of the Model Laundry Company, a corporation; and (2) that the evidence wholly failed to show that the Model Laundry Company was insured by appellant.

The following facts appear: The Model Laundry Company was a corporation operating two separate and distinct laundries in the city of San Angelo, one under the name of the Family Service Laundry, at 115 South Irving street, and the Model Laundry elsewhere in said city. They were separate and distinct places of business, however, and the only interrelation seems to have been that the president of the corporation, who supervised and directed the operation of both, reserved the right in hiring employees to shift them from one laundry to the other. The policy of appellant company was applied for to cover only the Family Service Laundry, which had some 65 to 75 employees, and was issued by appellant in the name of the "Family Service Laundry," at the designated location. A separate policy was issued by a different company to cover the Model Laundry. Mrs. Finney was employed by the president of the corporation and was paid by checks drawn on the corporation. Nor is it controverted that she had for several years been employed at the Family Service Laundry, that she received her injuries in the course of her employment there, and that appellant carried a policy on that laundry for the protection of its employees.

■ There is no sanctity in the nomenclature used. No fraud, accident, or mistake is even hinted at. The intention of the parties and the purpose of the policy are beyond question. Regardless of who may have been the legal owner of the Family Service Laundry, or may have paid its employees, it being admittedly a distinct and separate industrial plant, operated as such under a distinct and recognized trade-name, and compensation insurance having been issued in that trade-name to cover the employees there engaged, for the purposes of protection under the Compensation Act, one injured while engaged in the operation of such plant must be deemed as a matter of law an employee of the Family Service Laundry within the terms of said policy. To hold otherwise would be to make such policy a nullity and to perpetrate a fraud by law upon the employees.

■ The remaining question raised relates to the lump-sum settlement awarded. While the pleadings might have set forth more fully the grounds upon which the alleged manifest hardship and injustice were based, we think they were sufficient. No hard and fast rule can of necessity be laid down as to what may constitute a manifest hardship and injustice prescribed by the statute. Obviously that must depend upon the facts and circumstances of each particular case. There is no contention made that there was not sufficient evidence to support the jury finding on this issue; and it is manifest from the record here presented that the error, if any, of the court in overruling the special exceptions urged did not in any way injure appellant, a matter necessary for it to show to authorize a reversal. Rule 62a, Supreme Court; Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822.

The fourth proposition presents an objection to the submission of special issue No. 4 to the jury (i. e., the inquiry as to manifest hardship and injustice resultant from payment of compensation weekly), on the ground "that there was no evidence in the record on the present value of a lump sum and no evidence of a reasonable discount in the community where the accident occurred."

■ Such lack of evidence, however, had no bearing on the issue submitted. It could have no relevancy to the question of hardship to the injured employee, but was a matter for the court to consider, or to have a jury finding upon, in determining the amount of the lump sum payable. We shall consider the question raised, however, as properly presented. The question as to what would be a proper discount to reduce the total amount recoverable to its present value was not submitted nor requested to be submitted to the jury. This was not an independent ground of recovery and, had there been any evidence to sustain the court's judgment in this respect, it would be presumed to have been found in support of the judgment. Article 2190, R. S.; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084. No evidence whatever of such present value, however, was offered. In Herzing v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 17 S.W.(2d) 1046, and in U. S. Fidelity & Guaranty Co. v. Nettles (Tex. Com. App.) 35 S.W. (2d) 1045, the Supreme Court has definitely laid down the rule that the present value of such compensation, when paid in a lump sum, must be determined from evidence, and not merely by discounting unmatured weekly compensation at the rate of 6 per cent. as was done by the trial court in those cases. See, also, Security Union Ins. Co. v. Guthrie (Tex. Civ. App.) 41 S.W.(2d) 315; Texas Employers

Ins. Ass'n v. Brock (Tex. Com. App.) 36 S.W. (2d) 704.

■■ No question is raised by appellant as to the character and extent of appellee's injuries, nor that they were received in the course of her employment. The finding of the jury upon undisputed evidence that she was totally and permanently disabled is conclusive. Unquestionably, we think, appellant was liable for her compensation. While the judgment for a lump-sum settlement cannot be sustained, at the request of appellee and under the authority of Texas Employers Ass'n v. Brock, supra, we are authorized to render judgment in favor of appellee for weekly compensation for 401 weeks, the period prescribed by section 10, art. 8306, R. S., at the rate of $8.80 per week, the amount claimed. Eighty-four weeks having elapsed from the date of her injury to the date of this judgment, the sum of $739.20, together with interest thereon from the dates of accrual of the respective weekly payments, amounting to $36.25, aggregating $775.45, is now due. Judgment in favor of appellee with interest thereon from this date at the rate of 6 per cent. is here rendered against appellant and the surety on its supersedeas bond for $775.45, one-third of said amount to be paid to her attorney, Robert P. Brown; and that appellee also be paid weekly beginning October 28, 1931, the sum of $8.-80, until the amount of said weekly payments aggregate $2,789.60, one-third of such weekly payments also to be paid to her attorney, Robert P. Brown; and that the appellee pay the costs of this appeal.

Reversed and rendered.